# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50052

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN PATRICK ALEJANDRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
(08-CR-132)

Before HIGGINBOTHAM and STEWART, Circuit Judges, and *FELDMAN, District Judge.

PER CURIAM:**

Defendant-appellant John Patrick Alejandro ("Alejandro") appeals his conviction and sentence, following a jury trial, on a four-count indictment alleging: (1) conspiracy to distribute and possess with the intent to distribute 50

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grams or more of crack cocaine; (2) aiding and abetting possession with intent to distribute 5 or more grams of crack cocaine; and (3) distributing crack cocaine within 1,000 feet of Crockett Elementary School on May 23 and 24, 2008. We AFFIRM.

## I. BACKGROUND

On May 23, 2008, confidential informant Hector Sosa ("Sosa") agreed to work with the Midland Police Department ("MPD") narcotics detectives to make a controlled purchase of crack cocaine from Alejandro. Prior to working with the MPD, Sosa had been buying crack cocaine from Alejandro for at least one year.

Sosa contacted Alejandro on his cell phone in a recorded conversation in which Alejandro agreed to sell Sosa $100 worth of crack cocaine. Under MPD surveillance, Sosa met with Alejandro in the parking lot of the T-Mart convenience store. Alejandro sold Sosa 0.7 grams of crack cocaine, which Sosa later delivered to MPD detectives.

On May 24, 2008, at the MPD's request, Sosa called Alejandro to purchase crack cocaine, but was unable to reach him. After several calls, Alejandro's wife, Amelia Ungel Alejandro ("Amelia"), answered Alejandro's cell phone. Amelia agreed to sell Sosa $200 worth of crack cocaine. She also instructed Sosa to pick up the crack at the T-Mart. Sosa mistakenly went to the wrong location to wait to buy the crack. After about 15 minutes, Sosa received a phone call from Alejandro instructing him to go to the T-Mart parking lot. Again under MPD surveillance, Sosa met Alejandro at the T-Mart, bought 1.8 grams of crack cocaine for $200, and delivered the crack to MPD detectives.

Several days later, MPD officers executed a search warrant at Alejandro and Amelia's residence. Officers found 20.4 grams of crack cocaine inside a purse in the kitchen. They also found a drug scale in the master bedroom and a small amount of marijuana in the house. In addition, Amelia's cell phone was

recovered during the search. This evidence, along with the MPD surveillance, was used to generate an arrest warrant for Alejandro and Amelia.

On June 25, 2008, Alejandro was indicted for: (1) one count of conspiracy to distribute and possess with the intent to distribute 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count One"); (2) one count of aiding and abetting possession with intent to distribute 5 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 ("Count Two"); and (3) two counts of distributing of crack cocaine within 1,000 feet of Crockett Elementary School on May 24, 2008, and May 23, 2008, respectively, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860 ("Count Three" and "Count Four," respectively). Amelia was also indicted on Counts One, Two, and Three.

On September 18, 2008, Alejandro pleaded guilty to Count Four, the May 23 drug sale, without a plea agreement. Amelia pleaded guilty to Count One, the conspiracy charge.

On September 19, 2008, the jury convicted Alejandro on Counts One (conspiracy) and Three (the May 24 drug sale), and acquitted him on Count Two (aiding and abetting). The district court sentenced Alejandro to 262 months' imprisonment on each count (to run concurrently), ten years supervised release on Count One and eight years supervised release on each of Counts Two and Four (to run concurrently), and a $300 special assessment. Alejandro timely appealed.

## II. DISCUSSION

On appeal, Alejandro contends that: (1) the evidence is insufficient to show a conspiracy between Alejandro and his wife to possess with intent to distribute 50 or more grams of crack cocaine; (2) the district court erred in admitting the government's evidence that the May 24, 2008 transaction occurred within 1,000 feet of the school; and (3) the evidence is insufficient to show that the May 24,

2008 drug transaction took place within 1,000 feet of Crockett Elementary School. His arguments are unavailing.

A. Sufficiency of the Evidence: Conspiracy Charge

Challenges to the sufficiency of the evidence are reviewed *de novo*. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). When the issue has been preserved for appeal, as it was here, we review the sufficiency of the evidence to determine whether a rational factfinder could have found that the evidence established the elements of the offense beyond a reasonable doubt. *United States v. Yi*, 460 F.3d 623, 629 (5th Cir. 2006). All reasonable inferences from the evidence must be drawn in favor of the verdict. *Percel*, 553 F.3d at 910.

Alejandro and Amelia were charged pursuant to 21 U.S.C. § 846, the drug conspiracy statute, with underlying violations of §§ 841(a)(1) and 841(b)(1)(A).[1] Accordingly, the Government had to prove the following elements beyond a reasonable doubt: "(1) an agreement with one other person to possess with intent to distribute at least [50 grams of cocaine base]; (2) [Alejandro's] knowledge of the agreement; and (3) [Alejandro's] voluntary participation in the conspiracy." *Percel*, 553 F.3d at 910.

"Though mere presence at a crime scene is insufficient to support an inference of participation in a conspiracy, the jury may consider presence and association, along with other evidence, in finding conspiratorial activity by [Alejandro]." *Id*. Direct evidence is not required, and each element may be inferred from circumstantial evidence. *United States v. Fuchs*, 467 F.3d 889, 908 (5th Cir. 2006). "[W]hile circumstantial evidence may be particularly valuable

---

[1] Section 846 provides for the same penalties for conspiracy to commit drug offenses as for the offenses themselves. 21 U.S.C. § 846. Section 841(a)(1) makes it unlawful to distribute, or possess with intent to distribute, a controlled substance. 21 U.S.C. § 841(a)(1). Section 841(b)(1)(A) mandates, in relevant part, a sentence of not less than 10 years of imprisonment for violations of subsection (a) involving 50 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(A).

in proving the existence of the conspiratorial agreement, [this court has] repeatedly stressed that [it] will not lightly infer a defendant's knowledge of and participation in a conspiracy." *United States v. Maltos*, 985 F.2d 743, 747 (5th Cir. 1992).

The circumstantial evidence supports Alejandro's conviction for the conspiracy charge. Sosa testified that on May 24, 2008, he ordered $200 worth of crack from Amelia, yet Alejandro showed up at the T-Mart to deliver the drugs. The May 24, 2008 transaction is just one example of interchangeable dealing between Amelia and Alejandro during the year in which Sosa bought drugs from both of them. Morever, the marital home Alejandro shared with Amelia contained a drug scale and a large amount of crack cocaine in Amelia's purse. During the interview incident to the search of the house, Alejandro also told detectives that anything found in the house belonged to him, and that he sold "a lot" of drugs. In addition, the government introduced a text message from Amelia's cell phone that asked Amelia: "Pat knows where I can find a dub?" "Pat" is short for "Patrick," Alejandro's first name, and "dub" is code for $200 worth of crack. The text message indicates that others knew that Alejandro and Amelia worked together. Moreover, the jury was aware that Amelia had already pleaded guilty to conspiring with Alejandro. Though each piece of evidence might not prove dispositive, together they are sufficient for a jury to infer that a conspiracy existed and that Alejandro knowingly participated. *Percel*, 553 F.3d at 910; *Fuchs*, 467 F.3d at 908.

Alejandro argues that his case is similar to *United States v. White*, 569 F.2d 263, 267 (5th Cir. 1978), but his reliance is misplaced. In *White*, we held that evidence of a conspiracy was not sufficient where a married couple sold drugs separately to a confidential informant. *Id.* We rejected the "bits and pieces of evidence" derived from the confidential informant's testimony that he never purchased drugs with both spouses present, though he purchased from

each spouse separately. *See id.* In this case, there is ample police surveillance evidence and there are recordings to corroborate Sosa's testimony. Moreover, there was a pattern of interchangeable sales between Alejandro and Amelia, or joint delivery of purchased drugs. This evidence amounts to more than the "bits and pieces" that we rejected in *White*, and supports the existence of at least an informal arrangement. The Government need not prove more. *See Fuchs*, 467 F.3d at 908.

Based on the foregoing, a rational factfinder could have found that the evidence established the elements of the offense beyond a reasonable doubt. Accordingly, we affirm Alejandro's conspiracy conviction.

B.     Admissibility of the Computer-Generated Map

We review the district court's evidentiary rulings for abuse of discretion, subject to a harmless error analysis. *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009). Reversible error occurs only if the admission of evidence substantially affected Alejandro's rights. *Id.*

Under Rule 901 of the Federal Rules of Evidence, authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. FED. R. EVID. 901(a). Evidence may be properly authenticated by the testimony of a witness with knowledge that a matter is what it is claimed to be. FED. R. EVID. 901(b)(1). Additionally, some types of evidence are self-authenticating and require no extrinsic foundation for admission. FED. R. EVID. 902.

The admission of evidence requires a sufficient *prima facie* showing of authenticity; the ultimate issue of authenticity is a question for the jury. *United States v. Guidry*, 406 F.3d 314, 320 (5th Cir. 2005). "Use of circumstantial evidence alone to authenticate a document does not constitute error. . . . Fed. R. Evid. 901(a) requires only some competent evidence in the record to support

authentication." *United States v. Wake*, 948 F.2d 1422, 1434 (5th Cir. 1991) (internal citations omitted).

The district court did not abuse its discretion by admitting the computer-generated map depicting the areas within 1,000 feet of Crockett Elementary School. The map was properly admitted on the basis of the MPD detective's testimony regarding the location of the drug sales and the map's accurate depiction of the area surrounding the school. The detective did not have to actually create the map, so long as he could testify as to its accurate depiction of the area surrounding the school. *See* FED. R. EVID. 901(b)(1); *see also United States v. Hutson*, 821 F.2d 1015, 1019–20 (5th Cir. 1987). Moreover, Alejandro's trial counsel cross-examined the detective regarding his lack of knowledge as to the map's creation, validity, and scaling. These questions properly permitted the jury to assess the map's relevancy and genuineness as evidence. *See Guidry*, 406 F.3d at 320.[2]

Finally, even if the map was admitted in error, Alejandro's substantial rights were not affected. Additional evidence in the record supports a finding that he distributed drugs within 1,000 feet of the school. *See Clark*, 577 F.3d at 287. Accordingly, we affirm the district court's evidentiary ruling.

C.  Sufficiency of the Evidence: Distance of 1,000 Feet

As a threshold matter, Alejandro did not preserve this issue for appeal. "Where . . . a defendant asserts *specific grounds* for a specific element of a specific count for a Rule 29 motion [for acquittal], he waives all others for that specific count." *United States v. Herrera*, 313 F.3d 882, 884 (5th Cir. 2002) (en banc). In this case, Alejandro's motion for a judgment of acquittal on Count

---

[2] We reject the Government's argument that the map is self-authenticating as a certified public record of the MPD, because the MPD detective could not certify the map as an official record kept in the course of the MPD's business. *See* FED. R. EVID. 902(4) (requiring certification of a public record by a custodian).

Three (the May 24, 2008 drug transaction) was solely with respect to the conspiracy allegation in the charge, not to the distance element of the charge. Therefore, Alejandro waived any objection to the sufficiency of the evidence on the ground that the offense did not occur within 1,000 feet of a school.

Because Alejandro failed to preserve this issue on appeal, our review is limited to determining whether the conviction is a "manifest miscarriage of justice." *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007). "Under this exacting standard of review, a claim of evidentiary insufficiency will be rejected unless the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* (internal citations omitted).

In Count Three of the indictment, Alejandro was charged pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860.[3] Under 21 U.S.C. § 860(a), the Government was required to prove beyond a reasonable doubt that the place where Alejandro distributed drugs was within 1,000 feet of a school. *United States v. McCall*, 553 F.3d 821, 831 (5th Cir. 2008). Precise measurement is not required, so long as the evidence supports a finding that the distance is within 1,000 feet. *United States v. Rojas Alvarez*, 451 F.3d 320, 329 (5th Cir. 2006).

In *McCall*, we held that the sufficiency of the evidence depended on "whether there exists *any* evidence of *any* distance that is sufficiently accurate and probative to convince a reasonable trier of fact beyond a reasonable doubt." *McCall*, 553 F.3d at 832 (emphasis in original). In that case, an unscaled aerial photograph of the neighborhood depicting the school and the defendant's house, with no markings to indicate a 1,000-foot radius around the school, was deemed

---

[3] As noted, section 841(a)(1) makes it unlawful to distribute or possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). Section 841(b)(1)(B) mandates, in relevant part, a sentence of not less than 5 years of imprisonment for violations of subsection (a)(1) involving 5 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(B). Section 860 doubles the penalties for violations of subsection (a)(1) that occur within 1,000 feet of an elementary school. 21 U.S.C. § 860.

insufficient. *McCall*, 553 F.3d at 832–33. Further, the detective's lay testimony based on his drives around the neighborhood, without further indicators of distance, was also insufficient. *Id.* at 833–34. We noted, however, that a map with a scale was an acceptable form of proving the distance between the site of the drug transaction and a protected school. *Id.* at 834.

Here, the map contains a bar scale; a compass indicating the cardinal directions; a legend indicating parks, schools, and unprotected parcels; and green shading indicating zones falling within a 1,000 foot-radius of specific land parcels. The MPD detective testified that the green shading delineates the 1,000-foot boundary from the T-Mart, where Sosa conducted the drug transactions. He also testified that the school was within the green shading—in other words, within 1,000 feet of the T-Mart. More precise measurement was not required. *Rojas Alvarez*, 451 F.3d at 329. Further, the detective's testimony was based on his personal observations of the area and the photographs he took of the streets between the school and the T-Mart parking lot. The photographs, though unscaled, provided the jury with a view of the area that supported the representations in the map.[4]

Finally, when Alejandro pleaded guilty to the May 23, 2008 transaction, he admitted that he "sold approximately .7 grams of cocaine base to a confidential informant" and that the sale occurred "within 1,000 feet of Crockett Elementary School." The evidence established that the T-Mart was the site of both drug sales.

Because the evidence is not "so tenuous that a conviction is shocking," *Phillips*, 477 F.3d at 219, we affirm Alejandro's conviction on this count.

---

[4] We note that neither the photographs nor the detective's testimony, each standing alone, would have been sufficient evidence. *McCall*, 553 F.3d at 833.

## III. CONCLUSION

Alejandro has not demonstrated that the evidence was insufficient to support his conviction, nor has he demonstrated that the district court abused its discretion in its evidentiary rulings. Even if there was abuse of discretion, the error was harmless in light of the evidence supporting the conviction. Accordingly, we AFFIRM.